IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAQQA, INC., et al.,<br><br>    Plaintiffs,<br>v.<br><br>NORTHSTAR LOTTERY GROUP, LLC,<br><br>    Defendant. | Case No. 17-CV-246-MJR-DGW<br><br>CJRA Track: D<br>Trial Date: December 10, 2018<br>Chief Judge Michael J. Reagan |

## MOTION FOR LEAVE TO AMEND

Plaintiffs, by their undersigned counsel and pursuant to L.R. 7.1 and 15.1, hereby move for leave to amend to file their First Amended Class Action Complaint. In support of this motion, Plaintiffs state as follows:

1.   Plaintiffs Raqqa, Inc., Michael Cairo, and Jason Van Lente ("Plaintiffs") seek leave to amend in order (a) to add as new defendants IGT Global Solutions Corporation ("IGT") and Scientific Games International, Inc. ("Sci-Games"); (b) to assert additional factual allegations as to Northstar, IGT, and Sci-Games, including allegations pertaining to IGT's and Sci-Games' participation in the scheme alleged; and (c) to assert an additional claim (proposed Count VIII) against all defendants for Civil Conspiracy. Plaintiffs' proposed First Amended Class Action Complaint is attached hereto, in red-lined form, as **Exhibit 1**.[1]

---

[1]   In accordance with L.R. 15.1 and CM/ECF User's Manual Section 2.10, Plaintiffs' proposed First Amended Class Action Complaint (Exhibit 1) shows all substantive changes from Plaintiffs' original complaint using Microsoft Word's "track changes" function. Certain non-substantive changes (*e.g.*, formatting, replacement of state court caption with this Court's caption, signature block changes) are not "tracked" in Exhibit 1. Also in accordance with the foregoing rules, Plaintiffs are contemporaneously submitting a Microsoft Word version of the proposed First Amended Class Action Complaint (including the same "tracked" changes) to the designated email box of Judge Wilkerson.

2.      This action was originally filed against Defendant Northstar Lottery Group, LLC ("Northstar"), on February 6, 2017, in the Circuit Court for the Twentieth Judicial District, St. Clair County, Illinois. *See* Dkt. No. 1-1. The Complaint alleged that in or about 2010, Northstar submitted the winning bid proposal to take over management of the Illinois Lottery, in response to a formal Request For Proposal ("RFP") process. *Id.* at ¶ 26. Northstar took over the lottery management effective July 1, 2011. *Id.* The Complaint alleged that in order to maximize its own income, Northstar implemented a scheme by which it increased instant (scratch-off) lottery ticket revenues but reduced prize payouts by discontinuing ongoing games before grand prizes were awarded. *Id.* at ¶¶ 39-41, 42-51. The Complaint alleged that Northstar reduced grand prizes awarded (from 87.5% of the grand prizes "available" to under 60%) and thereby increased its own profitability. *Id.* at ¶¶ 55-56. Plaintiffs are an Illinois Lottery retailer (Raqqa) and individual ticket purchasers who played prematurely-discontinued games (Cairo and Van Lente[2]). *Id.* at ¶¶ 62-83. In the Complaint, Plaintiffs asserted individual and class claims for tortious interference with contract, tortious interference with prospective economic advantage, common law fraud, violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, and unjust enrichment. *Id.* at Counts I-VII.

3.      Northstar removed the action to this Court on the basis of diversity jurisdiction as to Plaintiff Raqqa, and supplemental jurisdiction as to all other plaintiffs. *See* Dkt. No. 1. Northstar then moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Dkt. No. 13. Plaintiffs moved to remand. Dkt. No. 15. Those motions were fully briefed and remain pending.

4.      The new defendants Plaintiffs propose to add in the First Amended Class Action

---

[2] The Complaint included an additional individual purchaser plaintiff, John Bean. Mr. Bean has since passed away, *see* Dkt. No. 43, and Plaintiffs do not seek to include him in the proposed First Amended Class Action Complaint.

Complaint, IGT and Sci-Games, are the owners and creators of Northstar, which they created specifically for purposes of bidding on the Illinois Lottery RFP. Exhibit 1 at ¶¶ 11, 12, 31. IGT and Sci-Games are and have been leading manufacturers of gaming machines and vendors to the lottery and gaming industry, including with a history of providing services in the state of Illinois. *Id.* at ¶ 32.

5. Discovery has revealed the extent to which IGT and Sci-Games joined together with Northstar to respond to the Illinois Lottery's private manager RFP. *Id.* at ¶ 33. Discovery has also revealed and/or confirmed the extent to which IGT and Sci-Games have themselves participated in the implementation and operation of the scheme that Plaintiffs allege. For instance:

    a. IGT and Sci-Games act as "sub-contractors" to Northstar in the management of the Illinois Lottery;

    b. IGT and Sci-Games provide all, or substantially all, of the technical functionality required (and used by Northstar) for the management of the Illinois Lottery;

    c. Sci-Games representatives participate or participated in the planning and decision-making processes relative to new lottery game offerings, game design, and terms;

    d. Sci-Games representatives participate or participated in and make or made recommendations as to what game tickets should go into the retail market and what tickets should be warehoused; and

    e. Information and systems provided by Sci-Games and IGT track lottery ticket sales and winning ticket validations.

*Id.* at ¶¶ 52-66.

6. Documents produced in discovery also confirm that Northstar routinely did not award large grand prizes for games Northstar, Sci-Games, and IGT designed, implemented, and operated. For all instant games with grand prizes over 1 million dollars that were commenced after September 1, 2011 and ended prior to May 4, 2016, only 55.3 percent of the grand prizes ostensibly available were awarded. Further, for those same games, while there ostensibly was approximately $193,357,217 of grand prize money available, total grand prize money awarded was only $59,217,332. That is to say, under Defendants' stewardship, the Illinois Lottery paid out less than 31% of the money ostensibly available as grand prizes for these games. *See id.* at ¶ 81.

7. A party may amend its pleading with the opposing party's written consent or with leave of court. Fed. R. Civ. P. 15(a)(2). The Court should "freely give leave when justice so requires." *Id. Accord Foman v. Davis*, 371 U.S. 178, 182 (1962); *Barry Aviation Inc. v. Land O'Lakes Municipal Airpor Com'n*, 377 F.3d. 682 (7th Cir. 2004). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave should, as the rules require, be 'freely given.'" *Barry Aviation*, 377 F.3d at 687 (quoting *Foman*). *See also Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010).

8. Plaintiffs provided Northstar with a copy of their proposed First Amended Class Action Complaint and sought Northstar's consent to amend. Northstar declined to consent and indicated that it would oppose amendment.

9. Plaintiffs' proposed amendment is not for purposes of undue delay, bad faith, or

dilatory motive. Much of the information which informs Plaintiffs' decision to seek leave to add IGT and Sci-Games as defendants has been learned during discovery taken thus far in this action. The allegations described in Paragraphs 4 through 6, above, are based on the testimony of Northstar's Fed. R. Civ. P. 30(b)(6) deposition witness produced (after motion practice) on August 10, 2017, and on documents produced on or about November 14, 2017 and thereafter.

10. The Court entered a Scheduling Order in this action on or about June 14, 2017. Dkt. No. 26. The Scheduling Order does not contain a deadline for amendment of pleadings and so Plaintiffs' request is not untimely. *Cf. Chatham v. Davis*, No. 11-cv-650-MJR-SCW, 2012 WL 12930547, at *2 (S.D. Ill. Nov. 15, 2012) (denying plaintiff leave to file third amended complaint "which would significantly change the nature of [her] claims" and where scheduling order set affirmative deadline for amendment of pleadings).

11. Plaintiffs have not previously failed to cure any deficiencies—there has been no ruling identifying any deficiencies.

12. Presumably, Northstar will argue that the proposed amendment is futile, for the same reasons it argued that the action should be dismissed in its Rule 12 motion. But there has been no ruling of futility and the proposed amended complaint is no more futile than was the original complaint. Indeed, the proposed amended complaint includes factual allegations that underscore the plausibility of Plaintiffs' allegations.

13. Nor, finally, will the proposed amendment cause undue prejudice to Northstar. Amendment will not implicate discovery from Northstar in addition to whatever discovery already has been and will be required of it. The only additional claim Plaintiffs seek to assert (Civil Conspiracy) is purely derivative of the addition of Northstar's corporate affiliate defendants IGT and Sci-Games to the already-existing claims. There are no dispositive motions

currently pending beyond Northstar's original Rule 12 motion and Plaintiffs' related motion to remand.

14.     Although Plaintiffs' motion is not brought on the eve of trial (set for December 2018), at the close of discovery (August 17, 2018), or near the dispositive motion deadline (August 31, 2018), Plaintiffs believe that their amendment would require schedule adjustments to these dates as well as to the class certification schedule (currently set for briefing during April and May 2018).[3] The addition of IGT and Sci-Games—even though they are related to Northstar—will require additional time for discovery and these parties may wish to file their own dispositive motions and, presumably, participate in class certification motion practice. Even so, the Court considers requests to add parties under the "freely give[n]" standard of Rule 15(a) as well. *Spano v. The Boeing Company*, No. 3:06-cv-00743-DRH-DGW, 2007 WL 4390366, at *2 (S.D. Ill. Dec. 14, 2007). Given the procedural posture of this action, and where the addition of these parties is traceable to facts learned during recent discovery, Plaintiffs have not unduly delayed and should be allowed to add the defendants. *See id.*

Wherefore, for the foregoing reasons, Plaintiffs respectfully move the Court for the entry of an order granting them leave to file the proposed First Amended Class Action Complaint or for whatever other relief the Court deems appropriate.

---

[3]     Plaintiffs, or the parties jointly, expect to file a motion to amend the scheduling order. Plaintiffs and Northstar have agreed among themselves to adjust certain deadlines that the Court has advised are within the parties' control; they also agree that additional changes are necessary irrespective of the Court's ruling on this motion for leave to amend. The parties are currently discussing what specific changes they can agree upon before they make proposals (or a joint proposal) to the Court.

| | |
|---|---|
| DATED:  January 2, 2018 | *s/ Derek Y. Brandt* |

Derek Y. Brandt (IL 6228895)
**McCune Wright Arevalo, LLP**
100 North Main Street, Suite 11
Edwardsville, IL 62025
T: 618-307-6116
F: 618-307-6161
dyb@mccunewright.com

Tor A. Hoerman #6229439
Kenneth Brennan #6239037
Tyler Schneider #6313923
**TorHoerman Law llc**
101 West Vandalia Street, Suite 350
Edwardsville, Illinois 62025
T: (618) 656-4400
tor@thlawyer.com
kbrennan@thlawyer.com
tyler@thlawyer.com

Timothy Hoerman #6256097
323 N. Washington Street
Westmont, Illinois 60569
T: (773) 220-5899
email@timhoerman.lawyer

Robert Sprague #2693690
**Sprague & Urban**
26 E. Washington St.
Belleville, Illinois 62220
T: (618) 223-8383
rsprague@spragueurban.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 2, 2018, I electronically filed the foregoing *Motion for Leave to Amend* with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record in this action.

*s/ Derek Y. Brandt*
Derek Y. Brandt
