# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAQQA, INC., MICHAEL CAIRO, JASON VAN LENTE, and JOHN BEAN, for themselves and on behalf of all other Illinois citizens similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> NORTHSTAR LOTTERY GROUP, LLC, <br><br> Defendant. | Case No. 17-cv-246-MJR-DGW |

## MEMORANDUM & ORDER

**REAGAN, Chief Judge:**

Plaintiffs filed this putative class action in case number 17-L-51 in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois on behalf of two classes of Illinois citizens: business entities that served as retailers for Illinois Lottery instant game tickets and the individuals who purchased instant game tickets. Plaintiffs allege that Northstar Lottery Group, LLC, as private manager for the Illinois Lottery, materially misrepresented the odds of winning the games associated with the instant tickets. Defendant timely removed the action to this Court alleging diversity of citizenship subject matter jurisdiction. After filing their notice of removal, Defendant moved to dismiss the class action complaint, arguing, in part, that Plaintiffs lacked standing to bring their claims. Plaintiffs then moved to remand this action to state court (Doc. 15), arguing that, because Defendant raised a standing challenge, they fail to meet the burden imposed on a removing party to establish subject matter jurisdiction.

Generally, a defendant may remove a state court action to federal court only when the federal court would have had original jurisdiction. **28 U.S.C. § 1441(a)**. Defendant's notice of removal states that this Court has jurisdiction pursuant to the federal diversity statute, 28 U.S.C. § 1332, which confers original jurisdiction on district courts where there is diversity of citizenship and where the amount in controversy is satisfied. Here, Plaintiffs do not challenge that this case meets the jurisdictional requirements of 28 U.S.C. § 1332. The parties agree that they are diverse. The named Plaintiffs are Illinois citizens seeking to bring the action on behalf of a class of Illinois citizens. Defendant Northstar is a limited liability company whose corporate members are citizens of Delaware, Rhode Island, and Georgia. Plaintiffs do not challenge that the amount in controversy requirement is satisfied.

With the parties in agreement as to the diversity jurisdiction requirements, the Court's remand analysis typically ends. Plaintiffs, however, take issue with the Defendant removing this action to federal court then challenging Article III standing. They argue that Defendant, as the removing party, bears the burden of establishing subject matter jurisdiction, a burden Defendant fails to satisfy by moving to dismiss for lack of standing. This argument, however, confuses the concepts of justiciability and subject matter jurisdiction.

Justiciability and subject matter jurisdiction, though related in that both act to limit the power of federal courts to adjudicate a claim, must be treated as two distinct issues. *See, e.g.*, ***Peoples Gas, Light and Coke Co, v. U.S. Postal Service***, 658 F.2d 1182, 1188 n.3 (7th Cir. 1981); ***Rent Stablization Ass'n v. Dinkins***, 5 F.3d 591, 594 n.2 (2d. Cir

**1993)**. Standing is the aspect of justiciability that assesses whether a plaintiff has a personal stake in the outcome of a case. *Warth v. Seldin*, **422 U.S. 490, 498 (1975)**. Plaintiffs point to nothing in the removal statutes, 28 U.S.C. § 1441 or § 1446, that limits a litigant's ability to raise questions of justiciability post-removal. Plaintiffs do not challenge that this action satisfies the requirements of the federal diversity statute, which confers subject matter jurisdiction to the Court. The undersigned **FINDS** that Defendant's standing challenge addresses justiciability and not subject matter jurisdiction, and it does not mandate that this case be remanded to state court. Accordingly, Plaintiffs' motion to remand is **DENIED**.

**IT IS SO ORDERED**.

DATED: March 16, 2018

*s/ Michael J. Reagan*
MICHAEL J. REAGAN
**United States District Judge**